UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

RICHARD A. KOOI,

       Debtor.
_____/

Case No. BG 14-04692
Chapter 7

**SUPPLEMENTAL OPINION SUSTAINING TRUSTEE'S
SECOND OBJECTION TO DEBTOR'S AMENDED EXEMPTIONS
AND
GRANTING TRUSTEE'S MOTION TO COMPEL TURNOVER**

Appearances:

Roger G. Cotner, Esq., Grand Haven, Michigan, attorney for Richard A. Kooi (the "Debtor").

Jeff A. Moyer, Esq., Grandville, Michigan, Chapter 7 Trustee (the "Trustee").


I.          INTRODUCTION AND JURISDICTION.

This matter is before the court on the Trustee's Objection to the Debtor's Amended Exemptions (Dkt. No. 64) and Amended Motion to Compel Turnover (Dkt. No. 66) in the above captioned chapter 7 case. This opinion supplements the bench opinion sustaining the Trustee's objection to exemptions and granting the motion for turnover that was given in open court on March 11, 2016.

The court has jurisdiction over this bankruptcy case. 28 U.S.C. § 1334. The bankruptcy case and all related proceedings have been referred to this court for decision. 28 U.S.C. § 157(a); L. Civ. R. 83.2(a) (W.D. Mich.). This contested matter is a statutory core proceeding and the court has authority to enter a final order. 28 U.S.C.

§ 157(b)(2)(B) (allowance or disallowance of . . . exemptions from property of the estate) and (E) (orders to turn over property of the estate).

## II.   FACTS AND PROCEDURAL HISTORY.

During the evidentiary hearing on these matters, which was held on March 8, 2016, the court heard testimony from one witness:  the Debtor, Richard Kooi.  The court found his testimony credible.  The court also admitted Trustee's Exhibits 1 through 4 and Debtor's Exhibits A through E into evidence.  Both parties' exhibits included copies of the Consent Judgment of Divorce entered by the Ottawa County Circuit Court on June 4, 2015.  The copy of the judgment submitted by the Debtor as Exhibit D included certain handwritten notes as attachments.  The Trustee's copy of the judgment, Exhibit 2, did not include the handwritten notes.  At the hearing, the Trustee stipulated that the handwritten notes should be appended to the Consent Judgment of Divorce as reflected in Debtor's Exhibit D.

The evidence at the hearing established the following material facts:

The Debtor's former spouse, Lisa Kooi, filed a divorce action in Ottawa County Circuit Court in August 2013.  On July 10, 2014, the Debtor filed his chapter 7 case.  (Dkt. No. 1.)  The Debtor's original schedules disclosed various assets and claimed several exemptions, including exemptions in: guns and fishing gear; the Debtor's interest in Lisa Kooi's retirement account; the Debtor's interest in his mother's trust; and an "Additional property settlement in pending divorce proceeding."  (Debtor's Exh. A.)  The Trustee filed an objection to the Debtor's original claim of exemptions on September 17, 2014.  The objection was resolved by a settlement stipulation that was approved by this court by order entered on December 8, 2014.  (Dkt. No. 32.)

On March 11, 2015, Lisa Kooi filed a motion for relief from stay in the Debtor's bankruptcy case, to allow the divorce proceeding to go forward in the Ottawa County Circuit Court. (Dkt. No. 39.) The Trustee did not oppose the motion, and the court entered an order granting relief from stay on April 15, 2015. (Dkt. No. 45.)

On June 4, 2015, the Ottawa County Circuit Court entered a Consent Judgment of Divorce. (Debtor's Exh. D; Trustee's Exh. 2.) In the section of the judgment of divorce entitled PROPERTY DIVISION, the Debtor is awarded a 50% interest in property identified as "WKEH Inventory – Graf" and a 50% interest in property identified as "WKEH Inventory – Eagle." In the same PROPERTY DIVISION section, the judgment further provides:

> 13. ***Cash to Defendant***. Plaintiff [Lisa Kooi] shall pay $2,700.00 to Defendant [Richard Kooi] within thirty (30) days of the entry of the Consent Judgment of Divorce.

(Debtor's Exh. D; Trustee's Exh. 2.)

Upon receiving a copy of the Consent Judgment of Divorce, the Trustee learned that the Debtor was entitled to the half interests in the hockey inventory and the $2,700 cash payment. Knowing that the Debtor had already fully utilized his § 522(d)(5) exemptions, the Trustee sought turnover of the $2,700 cash payment from Lisa Kooi directly to the Debtor's bankruptcy estate. The Trustee was informed by Lisa Kooi's attorney that the payment had already been made to the Debtor by check dated July 3, 2015, and that the Debtor had cashed the check on July 7, 2015.

The Trustee then filed his motion to compel turnover of the $2,700 from the Debtor. (Dkt. No. 48.) A hearing on the Trustee's motion was held before this court on October 1, 2015. Mr. Cotner did not appear at the hearing, and the court adjourned the hearing

and entered an order requiring Mr. Cotner to personally appear on the adjourned hearing date.

On November 6, 2015, four days prior to the adjourned hearing, the Debtor filed amended Schedules B and C.  The amended schedules specifically identified and disclosed the $2,700 and interests in the hockey inventory, and claimed those items as exempt under § 522(d)(10)(D).  (Dkt. No. 63.)  On December 5, 2015, the Trustee filed a Second Objection to Amended Exemptions.  (Dkt. No. 64.)  The Trustee also filed an amended motion for turnover of the $2,700 cash payment, the $2,400 of WKEH inventory, and a portion of a distribution from the Debtor's mother's trust that was previously received by the Debtor.  (Dkt. No. 67.)

A status conference on the objection to exemptions and amended motion for turnover was held on January 7, 2016.  At the status conference, the Trustee withdrew his request for turnover of the distribution from the Debtor's mother's trust.  According to Debtor's Exhibit C, the trust distribution of $17,928.93 was received on December 31, 2014.  Of this amount, $12,710 was claimed as exempt by the Debtor.  The balance of $5,218.93, plus an additional amount of $1,500, was turned over to the Trustee on January 6, 2015.[1]

### III.   DISCUSSION.

A. *Property of the Estate*.

The filing of a bankruptcy case creates a bankruptcy estate, which generally includes "all legal or equitable interests of the debtor in property as of the commencement

---

[1]    In its prior bench opinion, the court misstated this date as January 6, 2014. Although this fact is not material to the court's decision, the date has been corrected in this supplemental opinion.

of the case." 11 U.S.C. § 541(a). "This definition is unquestionably broad, and it is well-settled that property of the estate includes 'every conceivable interest of the debtor' held as of the commencement of the bankruptcy case, whether that interest is 'future, nonpossessory, contingent, speculative [or] derivative.'" Moyer v. Slotman (In re Slotman), 2013 WL 7823003, at *5 (Bankr. W.D. Mich. 2013) (citing In re Yonikus, 996 F.2d 866, 869 (7th Cir.1993) and United States v. Whiting Pools, Inc., 462 U.S. 198, 204–05, 103 S. Ct. 2309, 2313–14 (1983)). In applying this standard, "most courts analyze whether the asset is 'sufficiently rooted in the pre-bankruptcy past' of the debtor." Tyler v. DH Capital Management, Inc., 736 F.3d 455, 461-62 (6th Cir. 2013) (discussing the standard set forth in Segal v. Rochelle, 382 U.S. 375, 379, 86 S. Ct. 511 (1966) and its continued applicability after enactment of the Bankruptcy Code).

Pursuant to § 541(a)(5)(B), a debtor's bankruptcy estate also includes:

> [a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date . . . as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree[.]

11 U.S.C. § 541(a)(5)(B). Finally, § 541(a)(7) provides that property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7).

In this case, the Debtor disclosed an interest in an "additional property settlement in pending divorce proceeding" in his original Schedule B. Then, after entry of the Consent Judgement of Divorce, the Debtor disclosed the $2,700 cash payment and his interest in the WKEH inventory on his Amended Schedule B. He also claimed an

exemption in the property on Schedule C.  Generally, an asset must be property of the estate before the Debtor may claim an exemption in it.  See Owen v. Owen, 500 U.S. 305, 308, 111 S. Ct. 1833 (1991).  Despite disclosing his interests in the cash payment and inventory as assets and claiming them as exempt, the Debtor has now asserted that these items are not property of his bankruptcy estate.  Specifically, the Debtor argues that he received these items in the Consent Judgment of Divorce, which was entered on June 4, 2015 – more than 180-days after the filing of his bankruptcy case.  Accordingly, he asserts that these assets are not included in property of his estate under § 541(a)(5)(B).

The Debtor's argument overlooks the effect of § 541(a)(1), (a)(7) and Michigan property law.  Under Michigan law, the filing of a divorce action creates a "marital estate" and each spouse's interest in the marital property to be apportioned in the divorce case vests.  In re Slotman, 2013 WL 7823003, at *7 (citing Byington v. Byington, 568 N.W.2d 141, 144, 224 Mich. App. 103, 110 (1997) (explaining that assets acquired or income earned by one spouse during the marriage are considered to be "marital property" and are subject to apportionment)).  As a result, the Sixth Circuit Court of Appeals and other courts within the circuit have held that:

> when a debtor acquires an interest in marital property as a result of filing for divorce *prepetition*, that interest in marital property . . . becomes property of the debtor's estate in a later filed bankruptcy case.

In re Slotman, 2013 WL 7823003, at *5 (citing Corzin v. Fordu (In re Fordu), 201 F.3d 693, 700–02 (6th Cir. 1999); In re Greer, 242 B.R. 389, 396–97 (Bankr. N.D. Ohio 1999) (both decided under Ohio law)).  Because neither spouse is guaranteed to receive any given item of marital property when the equitable division is ultimately made, the interest each spouse acquires in marital property may be described as "strictly contingent."  In re

Greer, 242 B.R. at 396.   Although this contingent interest is "clearly property of the bankruptcy estate pursuant to § 541(a), the contingency of the interest may prevent the bankruptcy trustee from ever utilizing the property for the benefit of the bankruptcy estate." Id. at 396-97.   The converse may also be true.   Under § 541(a)(7), the vesting of a contingent interest in marital property will result in the vested property interest being included in the debtor's bankruptcy estate.   Id. at 397.

In this matter, upon the filing of the divorce action in August 2013, a marital estate was created, and each party to the divorce action, including the Debtor, had a property interest in the marital estate.   The marital estate included the property of his spouse to the extent that property was acquired or earned during the marriage.   Thus, the marital estate included not only the $2,700 that was eventually paid to the Debtor, but also the hockey inventory.   While the hockey inventory may have been separately owned by Lisa Kooi's LLC, We Know Your Edge Hockey, prior to the parties' divorce, Mrs. Kooi's ownership interest in the LLC became marital property upon the filing of the divorce action. The Debtor properly scheduled his interest in the marital property in his original schedules, by listing the interest on Schedule B, #35, as "additional property settlement in pending divorce proceeding" and claiming an exemption in this "additional property settlement in pending divorce proceeding" on Schedule C.

The court concludes that the Debtor's contingent interest in the martial property arose upon the filing of the divorce action and is sufficiently rooted in the pre-bankruptcy past to be considered property of his bankruptcy estate.   See 11 U.S.C. § 541(a)(1); Tyler, 736 F.3d at 461-62.   When the Debtor's contingent interests in the $2,700 and the hockey inventory vested upon the entry of the Consent Judgment of Divorce, the rights acquired

in the property became part of the bankruptcy estate under § 541(a)(7).  The fact that the Consent Judgment of Divorce was entered more than 180-days after the filing of the Debtor's bankruptcy case, and therefore may not be subject to § 541(a)(5)(B), is not material.  See In re Mehlhaff, 491 B.R. 898, 901-02 (8th Cir. B.A.P. 2013) (debtor's prepetition alimony award did not become property of her estate under § 541(a)(5)(B) but was included under § 541(a)(1)).  In this case, the Debtor's interests in the $2,700 payment and the hockey inventory became property of his estate under § 541(a)(1) and § 541(a)(7).

### 1.   Judicial Estoppel and Party Admission.

Even if the Debtor's interests in the assets received under the Consent Judgment of Divorce were not property of the estate, the Trustee argues that Debtor should be barred from asserting otherwise at this point in the proceedings.  According to the Trustee, by listing his interests in the $2,700 and the hockey inventory in his amended schedules and claiming them as exempt, the Debtor has clearly represented that the assets are property of his estate.  The Trustee argues that the representations in the Debtor's schedules constitute binding party admissions or, alternatively, that the Debtor should be precluded from changing the position asserted in his schedules under the doctrine of judicial estoppel.  However, under the facts of this case, the court has already concluded that the assets received by the Debtor under the Consent Judgment of Divorce are property of the estate.  The court need not decide whether the Debtor's schedules constitute party admissions or whether doctrine of judicial estoppel applies in this case.

B. *Debtor's Claim of Exemption under § 522(d)(10)(D)*.

Because the Debtor's interests in the $2,700 payment and the hockey inventory are property of his estate, the court must next consider whether he has properly claimed these interests as exempt under 11 U.S.C. § 522(d)(10)(D).  Section 522(d)(10)(D) states that property which may be exempted includes a debtor's right to receive "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." 11 U.S.C. § 522(d)(10)(D).  "This provision is one of five that allows for the exclusion of non-wage income from a debtor's bankruptcy estate." In re Brown, 391 B.R. 210, at *6 (6th Cir. B.A.P. 2008) (unpublished table opinion) (citing Social Security, disability, and veterans' benefits as examples of other types of exemptible non-wage income).

As the party objecting to the debtor's exemptions, the Trustee "has the burden of proving that the exemptions are not properly claimed."  Fed. R. Bankr. P. 4003(c).  The Trustee must disprove the validity of the Debtor's claimed exemption by a preponderance of the evidence.  In re OBrien, 443 B.R. 117, 140 (Bankr. W.D. Mich. 2011) (citations omitted).  "Exemptions are to be liberally construed in favor of [the] debtor." In re Hanh Hieu Dang, 473 B.R. 218, 221 (Bankr. W.D. Mich. 2012) (citation omitted).

Here, all exhibits admitted into evidence concerning the divorce and property settlement clearly label the distributions as a property settlement and not as support.  In the Consent Judgment of Divorce, the only reference listed under the heading SPOUSAL SUPPORT states:  "Please see attached Uniform Spousal Support Order." (Debtor's Exh. D.)  The division of the hockey inventory and the payment of the $2,700 are clearly identified under the heading PROPERTY DIVISION.  There is no language in paragraph

13, "Cash to Defendant," that ties or conditions the payment of the $2,700 to any fees, penalties, or taxes related to the transfer of Lisa Kooi's Chase pension to the Debtor.

The attachments to the Consent Judgment of Divorce, which include a Transcript of Handwritten Mediation Agreement dated March 23, 2015, as well as the handwritten notes, also support the conclusion that the distributions to the Debtor were a property division. Again, there is nothing in paragraphs 6 or 8 that suggests that the payment of the $2,700 was intended to cover the fees, penalties, or taxes related to the transfer of the Chase pension to the Debtor. Spousal support is separately addressed in paragraph 9 of the Transcript, which states: "Spousal support commences upon entry of Judgment of Divorce with Lisa paying Rich $150.00 each month for twenty four months." (Debtor's Exh. D.)

Finally, in the Uniform Spousal Support Order, the only support referenced is a $150.00 per month payment from Lisa Ann Kooi to Richard Kooi, which is to continue for twenty four months. (Trustee's Exh. 3.) This document does not refer to the $2,700 cash payment and nothing in the document ties the payment to the fees, penalties or taxes related to the transfer of the Chase pension.

The divorce documents admitted into evidence are unambiguous. They include a separate spousal support provision that provides for a $150.00 per month payment to the Debtor from Lisa Kooi for twenty four months. They consistently label the $2,700 payment and the transfer of the hockey inventory as being a division of property. The exhibits are completely devoid of any reference to the $2,700 being used for the purpose of paying fees, penalties, or taxes regarding the transfer of the Chase pension, or of otherwise being intended as providing support for the Debtor. No evidence suggests that the parties

attempted to disguise the true nature of the obligations in order to subvert bankruptcy or tax laws.  In such a situation, the court need not look beyond the four corners of the documents to determine that the obligations are a division of property and not in the nature of alimony, support or separate maintenance.  See In re Evert, 342 F.3d 358, 368 (5th Cir. 2003) (holding that "for purposes of § 522(d)(10)(D), where in the agreed divorce decree there is (1) also a meaningful separate alimony provision, (2) the obligation in question is described as being part of the property division, (3) the label given to the obligation in question is matched by its actual characteristics, and (4) the evidence does not suggest the parties conspired to disguise the true nature of the obligation . . . there is no ambiguity necessitating the use of . . . factors to essentially work backwards to determine the nature of the obligation"); In re Brown, 391 B.R. 210, at *8 (citing Evert and indicating that if there is any ambiguity in the documents, the court is obligated to conduct an evidentiary hearing and make findings of fact as to whether an asset labeled as "alimony" is "properly exempted under § 522(d)(10)(D)").

The only evidence before the court to suggest that the $2,700 or the hockey inventory are in the nature of support is the Debtor's testimony that this was his understanding at the time of the settlement and divorce.  The court need not consider this testimony given the unambiguous language in the documents that were admitted into evidence.  However, even if the court does consider the Debtor's testimony, his recollection of what he intended at the time is not sufficient to overcome the plain language of the documents.  The documents conclusively and unambiguously establish that that the $2,700 payment and the hockey inventory are in the nature of a property settlement and are not support.

In summary, 11 U.S.C. § 522(d)(10) exempts the "debtor's right to receive" five "types of support benefits that Congress described as 'akin to future earnings of the debtor.'" 3 Norton Bankr. L. & Prac.3d § 56:21 (2016).  Under subsection (d)(10)(D), "only true support payments" may be claimed as exempt; "[a]ny other spousal obligation, such as a payment representing a division of property, is not covered by the exemption."  Id. Again, the record in this case demonstrates that the $2,700 payment and the hockey inventory were a division of property and are not support benefits akin to future earnings. These items are not exempt under § 522(d)(10)(D).

IV.    CONCLUSION.

For these reasons, the court finds that $2,700 cash payment and the interest in the hockey inventory awarded to the Debtor in the Consent Judgment of Divorce are property of the Debtor's bankruptcy estate.  The court further concludes that the assets are not "alimony, support, or separate maintenance" subject to exemption under § 522(d)(10)(D). Accordingly, the court SUSTAINS the Trustee's Second Objection to Amended Exemptions and DISALLOWS the Debtor's claimed exemption of the $2,700 cash payment and the hockey inventory.  The court also GRANTS the Trustee's motion to compel turnover of these assets.  A separate order has been entered accordingly.

**IT IS SO ORDERED.**

**Dated March 22, 2016**





James W. Boyd
United States Bankruptcy Judge